IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFERY SCOTT AKERS,

              Plaintiff,

        vs.                                 Case No. 05-1060-JTM

MINNESOTA LIFE INSURANCE
COMPANY, SHERRY STRONG, and
BOBBIE ANN AKERS, individually and as
Guardian and Conservator for David Lewis
Akers,

              Defendants.

## MEMORANDUM AND ORDER

      This matter comes before the court on plaintiff's Motion to Remand to State Court (Dkt. No. 3). Plaintiff argues that the amount in controversy was not met to satisfy federal jurisdiction under 28 U.S.C.A. § 1332(a). Further, the plaintiff argues that jurisdiction under §1331 is also lacking because the plaintiff's claim is not preempted by § 502(a) and § 514(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a) and § 1144(a) <u>See</u> 28 U.S.C.A. § 1331(a). This court finds that the amount in controversy was met for federal jurisdiction under § 1332 and, therefore, the question of jurisdiction under § 1331 need not be addressed.

**I. BACKGROUND**

      On January 28, 2005, plaintiff Jeffery Scott Akers (hereafter "plaintiff") filed a claim against defendants Minnesota Life Insurance Company (hereafter "Minnesota Life"), Sherry

Strong (hereafter "Strong"), and Bobbi Akers (hereafter "Akers").  Minnesota Life insured the life of the deceased David Lewis Akers, who named plaintiff as the primary beneficiary. Plaintiff claims that Minnesota Life negligently paid death benefits to Strong.  In plaintiff's claim filed with the Montgomery County District Court, plaintiff declared damages in excess of $75,000.

Subsequently, Strong and Akers reached a settlement to give the plaintiff $70,013.49 in death benefits that Minnesota Life originally awarded to Strong.  On March 2, 2005, plaintiff mailed to the Montgomery County District Court a Voluntary Dismissal of all claims against defendant Minnesota Life, with the exception of the claim for attorney fees.  Plaintiff does not mention the date of filing.  On the same date, Minnesota Life filed a notice of removal in federal court.

## II. FEDERAL JURISDICTION UNDER § 1332

To remove an action pending in state court to federal court under §1332, the defendant must show  "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C.A. § 1332(a).  It is undisputed that the action in question here is between citizens of different states.  However, the plaintiff denies that the matter in controversy reaches the sum of $75,000.

The court gives a strong presumption of validity to the plaintiff's estimation of damages in determining the amount in controversy under § 1332.  Woodmen of World Life Ins. Society v. Manganaro 342 F.3d 1213, 1216 -1217 (10th Cir. 2003).  The 10th Circuit held that, "when deciding whether the amount in controversy is adequate, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.' " State Farm Mut. Auto. Ins. Co. v.

2

Narvaez 149 F.3d 1269, 1271 (10th Cir. 1998) (citing Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  In this case, there is no reason to believe that plaintiff claimed the amount of damages in bad faith, especially considering that plaintiff later recovered more than $70,000 from defendant Strong.

The amount plaintiff seeks in his initially filed complaint determines the amount in controversy under § 1332. Cabral v. Willard 333 F. Supp. 2d 1108, 1112 (D. Kan. 2004).  The plaintiff, on the date filed, sought an excess of $75,000.   The plaintiff attempts to claim that he never sought damages in excess of $75,000.  He cites the subsequent settlement for less than $75,000 as evidence that his claim for damages did not meet the minimum requirement.  However, the 10th Circuit stated, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." State Farm 149 F.3d at 1271 (citing to Saint Paul 303 U.S. at 289).  The court  holds a strong presumption that the plaintiff's initial estimated damages are valid.  Cabral, 333 F. Supp. 2d at 1112.  At the time of the initial filing, there was no certainty that the claim was for less than the proclaimed $75,000.

The subsequent settlement among Strong, Akers and plaintiff does not serve to remove jurisdiction from this court by reducing the amount in controversy because  "events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." Id. at 1111.  The court focuses on the amount alleged in the plaintiff's initial complaint.

The plaintiff claimed damages in excess of $75,000 in his initial complaint, with or without the inclusion of attorneys' fees.  The plaintiff is incorrect in stating he did not assert a

claim in excess of the minimum jurisdictional amount.  In his initial complaint, the plaintiff estimated $75,000 in death benefits with no mention of attorneys' fees. Complaint ¶ 29. Furthermore, even if attorneys' fees are found to be calculated into the initial estimate, these costs are properly included when the plaintiff is attempting to recover them as an element of damages.  Woodmen of World Life Ins. Society v. Manganaro 342 F.3d 1213, 1218 (10th Cir. 2003) (citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)). The plaintiff is attempting to recover death benefits as well as attorneys' fees under Kan. Stat. Ann. § 40-256. Complaint ¶ 26.  This is an element of asserted damages in the original complaint.  The 10th Circuit has declared, "attorneys' fees may be used in calculating jurisdictional amount if statute allows such recovery." Woodmen 342 F.3d at 1218.  Attorneys' fees are included in the damages claimed in the initial complaint and, therefore, should be calculated in determining the amount in controversy under § 1332.  As a result, this court properly has jurisdiction under § 1332.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the court denies plaintiff's Motion to Remand (Dkt. No. 3).


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

4