IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFERY SCOTT AKERS,<br><br>    Plaintiff,<br><br>vs.<br><br>MINNESOTA LIFE INSURANCE COMPANY,  SHERRY STRONG,  BOBBIE ANN AKERS, individually and as Guardian and Conservator for David Lewis Akers,<br><br>    Defendants. | Case No. 05-1060-JTM |

**MEMORANDUM AND ORDER**

  This matter comes before the court on the plaintiff's Motion to Reconsider (Dkt. No. 9). Plaintiff Jeffery Scott Akers (hereafter "Akers") argues that there is a lack of diversity of citizenship and that the amount in controversy has not been met.  28 U.S.C. § 1332.  Further, Akers contends that there is no federal question jurisdiction under 28 U.S.C. § 1331.  Defendant Minnesota Life argues that the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1144 completely preempt Akers' claim for attorney's fees and provide federal question jurisdiction under § 1331.  After reviewing the parties' arguments, the court finds that this court lacks subject matter jurisdiction.

**I. BACKGROUND**

  On January 28, 2005, plaintiff Jeffery Scott Akers filed a claim against defendants Minnesota Life Insurance Company, Sherry Strong, and Bobbie Akers.  Minnesota Life insured

the life of the deceased David Lewis Akers, who named his son Jeffrey Akers as the primary beneficiary. Akers claims that Minnesota Life negligently paid death benefits to Strong. In his claim filed with the Montgomery County District Court, Jeffery Akers declared damages in excess of $75,000.

Subsequently, Bobbie Akers and Strong provided plaintiff Akers $70,013.49 in death benefits that Minnesota Life had originally awarded to Strong. On March 2, 2005, Akers mailed to the Montgomery County District Court a Voluntary Dismissal of all claims against defendant Minnesota Life, with the exception of the claim for attorney's fees. On the same date, Minnesota Life filed a notice of removal in federal court. Minnesota Life claimed that each party was from a different state. This court denied Akers' Motion to Remand and found jurisdiction on the basis of § 1332. The court did address the possibility of § 1331 jurisdiction.

## II. SUBJECT MATTER JURISDICTION BASED ON DIVERSITY UNDER § 1332

To bring an action in federal court, a party must establish a basis for federal subject matter jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a party must show that the amount in controversy exceeds the sum or value of $75,000 and that the action is of citizens of different states. 28 U.S.C. § 1332(a). Section 1332 has been interpreted to require "complete diversity" among the parties in the suit. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580, 119 S.Ct. 1563, 1568 n. 2 (1999) (citations omitted). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). It

is well established that the parties cannot waive the lack of subject matter jurisdiction. <u>Williams v. Life Sav. and Loan</u>, 802 F.2d 1200, 1202 (10th Cir. 1986).

In his reconsideration motion, Akers again argues that the amount in controversy has not been met. Since the court has already considered and rejected plaintiff's argument as to the amount in controversy, the court will not reconsider this argument. Plaintiff, however, does introduce new facts. Akers argues that he is and has been a resident of Oklahoma at all relevant times since the commencement of the state court proceedings. He claims not to be a citizen of Illinois, which Minnesota Life claimed in its notice of removal. Since defendant Strong is also a resident of Oklahoma, there is no longer complete diversity among the parties. Therefore, federal jurisdiction under § 1332 does not exist.

While the court is obligated to review questions of subject matter jurisdiction at any point in the proceeding, plaintiff's counsel should have brought this argument to the court's attention in his initial motion.

### III. SUBJECT MATTER JURISDICTION BASED ON ERISA UNDER § 1331

Since there is no basis for jurisdiction under § 1332, the court proceeds to the parties' second argument. Minnesota Life argues that ERISA completely preempts Akers' claim for attorney's fees. ERISA § 502(a), 29 U.S.C. § 1132. Akers argues that ERISA does not preempt his claim and this case should be remanded to the state court for determination of attorney's fees. The court agrees that this case should be remanded because a claim for attorney's fees is only partially preempted and thus does not provide a basis for federal jurisdiction.

Understanding subject matter jurisdiction under ERISA requires an examination of the

doctrines of complete and partial preemption.[1]  Under complete preemption, state law claims are re-characterized as federal claims regardless of how they are pled.  McClelland v. Gronwaldt, 155 F.3d 507, 512 (5th Cir. 1998).  The doctrine converts an ordinary state common law complaint into one seeking federal relief.  Id. (quoting Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).  Where a plaintiff's claim is completely preempted and the allegations are recast as federal claims, the court has federal question jurisdiction.  Id.  As such, the action may be removed to federal court.  Id.

In the context of ERISA, the Supreme Court held that state law claims seeking relief within the scope of ERISA § 502(a)(1)(B) must be re-characterized as arising under federal law, and, as such, are removable to federal court.  Metropolitan Life, 481 U.S. at 60, 66-67, 107 S.C.t 1542.  Thus, when a claimant seeks relief within the scope of ERISA's civil enforcement provisions, his claims are subject to complete preemption and are re-characterized as "arising under" federal law for the purposes of removal.  Erlandson v. Liberty Life Assur. Co. of Boston, 320 F. Supp. 2d 501, 506 (N.D. Tex. 2004).

In contrast, where an action is only partially preempted, the claim does not necessarily give rise to federal jurisdiction.  ERISA contains a provision that expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" described in § 1003(a).  29 U.S.C. § 1144(a).  The courts read the "relates to" language broadly to displace any inconsistent state laws.  McClelland, 155 F.3d at 516 n. 25.  While partial preemption may serve as a defense to a plaintiff's state law cause of action, it does not create removal jurisdiction.

---

[1] Partial preemption is also referred to as ordinary or conflict preemption.

McClelland, 155 F.3d at 516.  Unlike complete preemption, partial preemption merely displaces state law and is insufficient to create federal jurisdiction.  See McClelland, 155 F.3d at 516.  See also Johnson v. Baylor University, 214 F.3d 630, 632 (5th Cir.), cert. denied, 531 U.S. 1012, 121 S.Ct. 567, 148 L.Ed.2d 486 (2000).  Thus, where a claim arises under partial preemption, a federal district court does not have subject matter jurisdiction.

The issue before this court is whether federal jurisdiction exists under ERISA where the parties have settled the underlying ERISA claim and the only remaining issue is attorney's fees.  Although the federal courts have not directly addressed this issue, two federal cases provide some guidance.  In Irwin v. Principal Life Ins. Co., No. 04-4052-JAR, 2004 WL 2580796 (D. Kan. Nov. 9, 2004), U.S. District Court Judge Robinson reviewed whether a plaintiff's claim for ERISA benefits and attorney's fees survived a motion to dismiss where the complaint did not specifically state that the breach of contract and bad faith refusal to pay claims arose under ERISA.  Id. at *1-2.  Since the plaintiff brought an action under ERISA with his claim for attorney's fees, the court found that plaintiff stated a claim under ERISA and his action should not be dismissed.  Id. at *2.   Later, in Ussery v. United Health Care Ins. Co., No. Civ.A 04-2125, 2004 WL 2984331 (E.D. La. Dec. 17, 2004), a federal district court addressed whether attorney's fees by themselves sufficiently created federal subject matter jurisdiction. The plaintiff in Ussery sought to recover penalties and attorney's fees after she settled her original ERISA claims in a separate action.  Because she only brought a claim for attorney's fees, the court ruled, "plaintiff has asserted a claim that does not fall within the expansive purview of § 502(a) and, therefore (plaintiff's) claim is not completely preempted by ERISA." Id. at *4.  Without federal question jurisdiction, the court remanded the case to state court. Id. at *4.

In the present case, Akers settled his ERISA claim "to recover benefits due under the terms of his plan" through a payment from Strong for $70,013.49. Plaintiff asserts that he is not seeking any "benefits due" under the terms of his father's employment plan and that his remaining claim is for attorney's fees. Without an underlying ERISA claim, the court finds this case to be analogous to Ussery. With no concurrent ERISA claim for benefits remaining, Akers' claim for attorney's fees is not completely preempted under § 502. Rather, plaintiff's action for attorney's fees is only partially preempted under § 514. Although courts interpret the "relates to" language of § 514 expansively to displace state law claims, courts do not grant federal subject matter jurisdiction on the basis of such a claim.[2] Thus, remand is warranted.

The court does not address the issue of whether Minnesota Life's independent claims provide a basis for federal jurisdiction. This argument was not properly raised in the initial briefings, and the court will not consider it now.

IT IS ACCORDINGLY ORDERED this 18th day of August, 2005, that the court grants plaintiff's Motion to Reconsider and remands this action to Montgomery County District Court (Dkt. No. 9).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[2] The court's determination on preemption relates only to the issue of federal question jurisdiction and does not dictate how these issues are resolved in state court. Gonzalez-Garcia v. Williamson Dickie Mfg. Co., 99 F.3d 490, 492 (1st Cir. 1996) (noting that a district court's remand does not have a preclusive effect on the state court's substantive considerations); Nutter v. Monongahela Power Co., 4 F.3d 319, 322 (4th Cir. 1993) (same).